UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Plaintiff,

    v.                        CAUSE NO. 3:22-CV-110-RLM-MGG

INDIANA DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a complaint The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Dodd was incarcerated at the Indiana State Prison when he filed this lawsuit. He has since been transferred to the Miami Correctional Facility.. On May 21, 2021, Mr. Dodd spoke with his prison counselor, who is not named as a defendant, about his "clemency eligibility release date," which Mr. Dodd believes was calculated incorrectly. ECF 1 at 3. Mr. Dodd claims he has served twenty years—and more than one-third—of his sentence from January 4, 2001, through January 4, 2021. On

February 17, 2021, Mr. Dodd sent a "Petition for Clemency" to the Indiana Parole Board. In late April of 2021, he met with a parole officer who told him he would "see the plaintiff at the parole center." *Id.* at 5. On June 10, 2021, Mr. Dodd filled out a health care request form asking that his mental health records be transferred to the Indiana Parole Board. On July 13, 2021, he petitioned the state court for "jail credit time" in relation to criminal cause number 45G02-9811-CF-00211 for "purposes of a clemency calculation of the amount of tine that has been served and calculated" on his sentence. *Id.* at 6.

Mr. Dodd wasn't taken to the Indiana Parole Board Probation Center for a hearing by July 18, 2021, the date Mr. Dodd claims Classification Supervisor Debra Wommack told him he would be eligible for clemency-based release. Mr. Dodd believes this calculation was incorrect and that he was actually eligible in 2018. He claims this alleged error violated his First Amendment "right to petition" and the Eighth Amendment right to "life and liberty." *Id.* at 6–7. He wrote to Warden Ron Neal and Classification Supervisor Vanessa Cuevas the next day by filing a "Classification Appeal."[1]

On July 29, 2021, Indiana Department of Correction Executive Assistant Mark Newkirk denied Mr. Dodd's classification appeal because the issue was "non-appealable" in such form and because the classification department had no record of him submitting a clemency petition. *Id.* at 7–8. According to Mr. Dodd, Mr. Newkirk

---

[1] The state court denied Mr. Dodd's motion for jail credit time on July 19, 2021.

2

advised him he "became eligible for clemency review effective in January 2020." *Id*. at 8. Mr. Dodd claims the defendants displayed "callous and reckless behavior" during this time because they "knew of the plaintiff's early clemency parole eligibility release date" yet failed to protect him knowing that his "liberty was at risk." *Id*. On August 1, 2021, Mr. Dodd notified Ms. Cuevas that his classification record needed to be corrected to show the proper clemency eligibility release date and that he had filed another clemency petition. Ms. Cuevas responded by providing Mr. Dodd with a form that showed his second clemency petition had been denied. Ms. Cuevas refused to revise the date.

According to Mr. Dodd, the failure to correct his clemency eligibility release date violated his constitutional rights. He claims the defendants have inflicted a physical injury by causing him "mental and emotional suffering" for each day he has been incarcerated beyond his clemency eligibility release date. *Id*. at 9. He says he has been prescribed medication to deal with "such strained incarceration and depression and to help the plaintiff sleep at night." *Id*. He claims the defendants subjected him to cruel and unusual punishment by denying his "right to petition." *Id*. at 10. He has sued Warden Neal, Mr. Newkirk, Ms. Wommack, and Ms. Cuevas for compensatory and punitive damages.

Although Mr. Dodd lists both the First and Eighth Amendments as giving rise to his claims,[2] in substance he is complaining of an alleged Fourteenth Amendment

---

[2] Mr. Dodd alleges he was in disciplinary segregation at the time of the events in question and that he has been mentally distraught by his incarceration in general, a condition for which he is receiving prescription medication to help. These allegations don't state an Eighth Amendment claim. *See* Townsend v. Fuchs, 522

Due Process violation. *See generally* Jackson v. Carter, no. 21-1711, 2021 WL 5193043, at *1 (7th Cir. Nov. 9, 2021). While it is undisputed there is a right to petition for clemency—and delineated procedural steps for bringing such a petition—created by Indiana law, "that interest is not protected by the federal Due Process Clause." *Id*. at *2 (citing Manley v. Law, 889 F.3d 885, 890 (7th Cir. 2018) and IND CONST. art. 5, § 17; IND. CODE §§ 11-9-2-1 to -4);³ *see also* Milone v. Camp, 22 F.3d

---

F.3d 765, 773 (7th Cir. 2008) (The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities.") (citations omitted).

As to the First Amendment, to establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds* didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id*. Mr. Dodd alleges his clemency eligibility date was calculated incorrectly. Even if that is true, he doesn't allege he was denied access to the courts in violation of the Constitution because he doesn't allege he was ever denied the proper forms or that he was unable to submit his request for clemency. In fact, Mr. Dodd states he mailed one clemency petition directly to the Indiana Parole Board in February 2021. Although he alleges the classification department has no record of the petition, that doesn't mean the Indiana Parole Board didn't receive it. Later, Mr. Dodd states he submitted another clemency petition, which was denied via a form/checklist. Based on these allegations, Mr. Dodd doesn't have a viable First Amendment access to the courts claim. *See e.g.* Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) and McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006) (a plaintiff can plead himself out of court if he pleads facts that preclude relief).

³ It doesn't appear Mr. Dodd is claiming an entitlement to clemency itself, nor could he "because there is no such entitlement under Indiana law, which leaves the decision to the Governor's exclusive discretion." Jackson v. Carter, 2021 WL 5193043, at *2 (citing Misenheimer v. State, 374 N.E.2d 523, 532 (Ind. 1978) ("It should be stated once again that executive clemency, if any, can only be considered to be a matter of grace and is not a right of the convicted felon. It goes without saying that the judicial department cannot interfere with the executive department in the granting or withholding of executive clemency.")).

4

693, 705 (7th Cir. 1994) ("[T]here is no constitutional right to a clemency hearing."). In Jackson v. Carter, the inmate filed suit because the Warden had summarily recommended denial of his first petition for clemency and was refusing to send his second petition to the Indiana Parole Board for review. Jackson v. Carter, 2021 WL 5193043*Id*. at *1. The dismissal of the inmate's civil rights suit was affirmed. *Id*. at 3.

Mr. Dodd's claims—that he was given an incorrect date for his clemency eligibility, that he sent one clemency petition to the Indiana Parole Board in February of 2021 that wasn't responded to, and that he sent a second clemency petition sometime later that year that was denied via form by the Indiana Parole Board in August of 2021 because it allegedly didn't meet the required pardon checklist—are essentially the same as those alleged in Jackson v. Carter and must likewise be dismissed because "state procedural laws do not create a liberty or property interest protected by the Due Process Clause." *Id*. What Mr. Dodd essentially wants "is to compel state actors to follow the clemency procedures that Indiana law prescribes, such as requiring the prison to forward an application to the Parole Board for a recommendation to the Governor. But a state actor's failure to follow state-delineated procedures does not implicate federal due process." *Id*. (citing Wozniak v. Adesida, 932 F.3d 1008, 1011 (7th Cir. 2019). Mr. Dodd hasn't stated any claims for relief under 42 U.S.C. § 1983.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile,"

5

Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018), but "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, that is where Mr. Dodd finds himself.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on October 12, 2022

                          s/ Robert L. Miller, Jr.
                          JUDGE
                          UNITED STATES DISTRICT COURT